IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RAMIN YEGANEH,<br><br>    Debtor.<br>_____/<br><br>RAMIN YEGANEH,<br><br>    Appellant,<br><br>  v.<br><br>CHARLES E. SIMS, Trustee in Bankruptcy,<br><br>    Appellee.<br>_____/ | No. C 06-2788 CW<br><br>ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR ENLARGEMENT OF TIME |

Appellant Ramin Yeganeh moves for leave to file a motion for reconsideration of the Court's May 12, 2006 Order denying Appellant's emergency motion for a stay of the bankruptcy court's final order authorizing a compromise. Having considered the papers filed by Appellant, the Court DENIES the motion for leave, for the reasons set forth in the discussion section below.

Appellant has also filed a "motion for relief" from his failure timely to file an opening brief. Appellant was granted similar relief when he initially failed to file his opening brief in accordance with the Court's briefing schedule. See July 19,

2006 Order Granting Relief from Failure to File Opening Brief. Despite this thirty day extension, Appellant filed his opening brief another day late.  Appellant's attorney explains that last minute revisions left him alone in the office without the assistance of a lawyer familiar with electronic filing.  Trustee Charles E. Sims objects to the motion for relief, primarily on the grounds that Appellant's fifty page brief exceeds applicable page limits.  The Northern District of California's Bankruptcy Local Rule 9013-1(c), pertaining to appeals to the district court, provides, "Unless the Court expressly orders otherwise, initial moving papers and opposition papers shall not exceed 25 pages of text, and reply papers shall not exceed 15 pages of text." Although the Court finds that the most efficient course is to proceed with the appeal as briefed, the Court admonishes Appellate that if he desires to filed a brief that exceeds applicable page limits, he must file an appropriate motion to enlarge.

The Court also warns Appellant that it may deny future motions for relief from late filing.  If Appellant cannot comply with the Court's deadlines, he must file a motion to change time in accordance with Civil Local Rule 6-3.

                                BACKGROUND

In its May 12, 2006 Order, the Court held that Appellant was not entitled to a discretionary stay of the bankruptcy court's authorization of a compromise of Creditors' claims, because he had shown neither a likelihood of success nor a serious and substantial question on the merits of his appeal.  The Court observed that the bankruptcy judge had amply considered the various factors related

2

to the reasonableness of the Trustee's proposed compromise. The Court specifically found that the bankruptcy court had not abused its discretion by (1) including in Creditors' claim post-judgment attorneys' fees and costs arising from the underlying State action, Ingram v. Yeganeh, No. 410586, filed on October 4, 1999 in San Mateo County Superior Court; (2) including in the claim the restitution awards in Ingram; and (3) applying a post-judgment interest rate of 10 percent to the prejudgment interest award and the $270,000 Ingram judgment. May 12, 2006 Order at 9-13. The Court also found that Appellant overstated the harm that denial of a stay would cause him, while failing to show that the bankruptcy estate and Creditors would not be harmed by a stay. Id. at 13-15.

Appellant now moves for reconsideration of this order on the basis of the California Supreme Court's July 24, 2006 decisions in Californians for Disability Rights v. Mervyn's, LLC, 46 Cal. Rptr. 3d 57 (2006), holding that Proposition 64 applies to pending actions, and Branick v. Downey Savings and Loan Association, 46 Cal. Rptr. 3d 66 (2006), holding that Proposition 64 does not affect the ordinary rules governing the amendment of complaints and their relation back (and thus that private plaintiffs who lost standing as a result of Proposition 64 could amend their complaint to substitute new plaintiffs). Appellant also moves for reconsideration on the grounds that the Court failed adequately to consider the merits of his appeal of the Ingram attorneys' fee and post-judgment interest awards.

3

LEGAL STANDARD

Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1980). Jurisdictional defects and frivolous or meritless claims cannot be remedied by merely moving for reconsideration. See United States v. Hetrick, 644 F.2d 752, 756 (9th Cir. 1980). "`[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

DISCUSSION

Appellant argues that Californians for Disability Rights and Branick represent an intervening change of controlling law justifying reconsideration of the Court's order. Although it is true that these decisions clarified previously unresolved issues of California law, neither justifies reconsideration of the May 12, 2006 Order.

The bankruptcy court and the parties were well aware of the pendency of these cases at the time the compromise was authorized and Appellant's motion for a stay was denied. See May 12, 2006 Order at 6 (noting that the bankruptcy court heard extensive oral argument and requested supplemental briefing on issues relating to the underlying State action). In deciding to approve the compromise, Judge Carlson predicted that Proposition 64 would be

4

held to apply retroactively to pending cases. April 5, 2006 Hearing Tr. 4:2-4. This prediction was proved correct by the decision in <u>Californians for Disability Rights</u>. He also anticipated that Proposition 64 would not be applied to preclude the substitution of those who had suffered actual injury as new plaintiffs. This was consistent with the California Supreme Court's holding that the usual liberal standard applied to a decision about whether to allow substitution of new plaintiffs. <u>Branick</u>, 46 Cal. Rptr. 3d at 71-72. The new cases cited by Appellant tend to support the Court's conclusion that the bankruptcy court likely did not abuse its discretion. Therefore, they do not justify the filing of a motion for reconsideration.

Appellant does not show any new evidence that was not available to him at the time of his original emergency motion for a stay, nor does he show that reconsideration is necessary to correct a clear error or prevent manifest injustice. Instead, Appellant's motion for leave reargues his original motion in greater detail. This is not the purpose of a motion for reconsideration. The Court will have the opportunity to consider Appellant's substantive arguments in the context of his pending appeal of the bankruptcy court's authorization of the compromise.

## CONCLUSION

For the reasons described above, the Court DENIES Appellant's motion for leave to file a motion for reconsideration of its May

5

12, 2006 Order.  (Docket No. 37).  The Court GRANTS Appellant's motion for enlargement of time to file an opening brief (Docket No. 31).

    IT IS SO ORDERED.

Dated: 9/14/06

_____
CLAUDIA WILKEN
United States District Judge

1 **Julie Glosson**
2 235 Pine St.
Suite 700
3 San Francisco, CA 94105

4

5
**Thomas E. Carlson**
6 United States Bankruptcy Court in San Francisco
235 Pine St.
7 P.O. Box 7341
San Francisco, CA 94120-7341
8

9
**U.S. Bankruptcy Manager**
10 U.S. Bankruptcy Court
235 Piine St.
11 P.O. Box 7341
San Francisco, CA 94120-7341
12

7